ARTHUR A. HUNTER, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS AND PUBLIC SERVICE RAILWAY COMPANY, RESPONDENTS.

Argued May 14, 1923—Decided July 18, 1923.

**Franchises to Operate Auto Buses—Authority of Public Utility Commission.**

On *certiorari* removing resolution of board of public utility commissioners.

Before Mr. Justice KATZENBACH, pursuant to the statute.

For the prosecutor, *Clifford A. Baldwin* (*Walter S. Keown,* of counsel).

For the respondents, *Edward A. Armstrong.*

The opinion of the court was delivered by

KATZENBACH, J.  Arthur A. Hunter, the prosecutor, was granted licenses on franchises by the cities of Camden, Gloucester and Woodbury, to operate three auto buses between the ferry of the Pennsylvania railroad, in the city of Camden, and Swedesboro, New Jersey.  The amendment of the Public Utility act of April 6th, 1921 (chapter 149 of the laws of 1921), made it necessary for the prosecutor to obtain, before operating his bus line, the approval by the board of public utility commissioners of the licenses or franchises obtained by the prosecutor.  The prosecutor duly made his application for approval to the board of public utility commissioners and that board approved the licenses or franchises, imposing by its order of approval certain conditions upon the prosecutor, namely, first, that the prosecutor should not do any local business within the cities of Camden and Woodbury, and second, that no through business should be conducted between the city of Woodbury and the city of Camden after the re-

routing of through trolley cars from Woodbury to the Federal-Market street ferry. Another condition was imposed which has no bearing upon the present case.

The prosecutor seeks by this writ of *certiorari* the removal of two of the conditions imposed, namely, that no local business should be conducted within the city of Woodbury and that no through business should be conducted between the city of Woodbury and the Pennsylvania ferry in the city of Camden. To support his position the prosecutor contends that the board of public utility commissioners had no jurisdiction to impose the said conditions, as the board was limited in the imposition of conditions under section 24 of the act concerning public utilities to cases where the public convenience and interests may reasonably require the imposition of conditions, and that the convenience and interests of the public did not reasonably require the imposition of the conditions mentioned, and that there was no evidence before the board to reasonably support the order.

Under section 38 of the Public Utility act, this court has the power to set aside an order of the board of public utility commissioners when it clearly appears that there was no evidence before the board to support reasonably such order, or that the same was without the jurisdiction of the board. If the order be set aside the case is remanded to the board for revision of its order, as this court has not the power to revamp the board's order in conformity with its views. On the question of jurisdiction the amendment of the utilities act referred to contains ample authority for the board's jurisdiction of the subject matter in the words "auto bus, commonly called jitney, the route of which in whole or in part parallels upon the same street the line of any street railway or traction railway." The argument of the prosecutor appears to be that the public convenience and interests were not served, but ignored, by not permitting the prosecutor to engage in local business in Woodbury and in the carrying of passengers from Woodbury to Camden ferry, as it is for the convenience of the public to have as many means of transportation between given points as are obtainable, and

that there was no evidence which justified the condition. The proofs showed that there was local service in Woodbury afforded the public by the Public Service Railway Company and also service from Woodbury to the Camden ferry by the same company. The board found from the proofs submitted that there was no public necessity for the buses of the prosecutor doing any local business, or any through business from Woodbury to the Camden ferry.

The board by its findings evidently concluded that the public convenience and interest required that the business of the Public Service Railway Company should be as little disturbed as possible by the operation of the bus line of the prosecutor in that territory in which the railway company was affording service. This position is sound. While temporarily the public might have greater facilities of transportation in Woodbury and from Woodbury to Camden by permitting the prosecutor to compete with the railway company, in the end such competition is not for the public convenience and interest, as it either results in less efficient service by the railway company or an abandonment of its service, because the operation of the line will not pay operating expenses and a fair return on the capital invested. The state assumes to regulate the rates for transportation, and the character of the service rendered. Morally and legally it should protect the business of the established utility from impairment and encroachment. To do otherwise would soon create a situation where the public would be without transportation service. No capital could be obtained for an enterprise where no security was afforded the investor. Without capital there would be no transportation facilities, which in this age are indispensable to the transaction of business and the enjoyment of life. These, in brief, were the reasons which undoubtedly actuated the board in the imposition of the conditions mentioned. These conditions the board had the power, in the exercise of a far-sighted policy, to impose for the convenience and interests of the public. The fact that there was local service in Woodbury and also between Woodbury and the Camden ferry is of itself sufficient evidence to support the order as made.

There is one further reason argued in the carefully prepared brief for the prosecutor which perhaps should be considered. It appears from the testimony that passengers on the line of the Public Service Railway Company from Woodbury to the Camden ferry were obliged at one point in the journey to change cars. At the hearing the Public Service Railway Company submitted evidence that it intended to obviate this change of cars by re-routing so that passengers from Woodbury would be carried without change of cars to the Camden ferry. This explains the wording of the condition imposed in the order which prevents the prosecutor from accepting through business from Woodbury to Camden after re-routing of the cars of the railway company from Woodbury to the Federal-Market street ferry. The prosecutor contends that this evidence should not have been admitted and that the condition imposed in the order is unreasonable because the prosecutor, after pointing out a fault in the railway service, has been sacrificed for the railway by the board's allowing the railway to correct the inconvenience suffered by passengers and then preventing the prosecutor from carrying through passengers. This argument is ingenious, but untenable. It is a right of the railway company to improve its service even though the necessity for such improvement may have been pointed out by threatened competition.

The reasons filed are ten in number, but raise merely in different form the questions heretofore considered.

The writ is dismissed, with costs.